UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SERGIA DELGADO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UHS OF LAKESIDE, LLC d/b/a )<br>LAKESIDE BEHAVIORAL HEALTH )<br>SYSTEM )<br>)<br>Defendant. ) | Case No. 2:11-CV-03111<br><br>JURY DEMAND |

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (FILED UNDER SEAL) AND TO DISMISS**

Defendant UHS of Lakeside, LLC d/b/a Lakeside Behavioral Health System ("UHS" or "Defendant") moves the Court for an Order enforcing a settlement agreement entered between the parties and dismissing Plaintiff's claims with prejudice.

**I.  STATEMENT OF FACTS**

Plaintiff filed a Complaint on January 17, 2012, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act.  Defendant filed an Answer denying Plaintiff's allegations of wrongdoing on January 30, 2012.  In July 2012, the parties exchanged initial disclosures.  Between July and December 2012, the parties exchanged written discovery.

Between December 2012, and March 7, 2013, the parties began settlement negotiations.  On March 7, 2013, the parties finalized their settlement negotiations and reached a resolution.  They memorialized the terms of their agreement formally with a "Settlement and Release Agreement," which was executed by Plaintiff on March 7, 2013, and Defendant on

March 20, 2013.[1]  (**Exhibit A – filed under seal**).  Pursuant to the Settlement and Release Agreement, Plaintiff was required to "immediately dismiss her lawsuit…." *(Id.).*  Defendant tendered payment to Plaintiff as agreed upon in the Settlement and Release Agreement on March 26, 2013.  (**Exhibit B – filed under seal).**

On April 5, 2013, Plaintiff's counsel filed a Motion to Withdraw.  (Dock. No. 15).  The Motion references the parties' settlement agreement, including Plaintiff's agreement to immediately dismiss her lawsuit.  *(Id.).*  To date, Plaintiff has failed to withdraw her lawsuit as required pursuant to the "Settlement and Release Agreement" and counsel for Defendant has been informed by Plaintiff's counsel of record that they cannot file a Stipulation of Dismissal due to their termination of representation of Plaintiff.

## II.   LEGAL ANALYSIS

It is well-established that a district court has the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Bostick Foundry Co. v. Lindberg, A Div. of Sola Ba-sic Indus., Inc.*, 797 F.2d 280, 282–83 (6th Cir. 1986).  The power of a trial court to enforce a settlement agreement has been upheld even where the agreement has not been arrived at in the presence of the court nor reduced to writing. *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); *Bowater North America Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 76–77 (6th Cir. 1985).  "This inherent power derives from the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Burgess v. Bank of America*, N.A., No. 3:09–00737, 2009 WL 4067844 (M.D. Tenn Nov. 23, 2009); *Kuhkla*, 483 F.2d at 621. Courts should uphold

---

[1] Defendant requests permission to file the Settlement and Release Agreement and evidence of Defendant's tender of payment to Plaintiff underseal because the parties agreed to keep the terms of the agreement confidential.

2258741.1

2

settlements whenever equitable and policy considerations allow. *Aro Corp. V. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

If the parties reached agreement on all material terms, then existing precedent "dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989) (*citing Jennings v. Metro. Gov't of Nashville*, 715 F.2d 1111, 1114 (6th Cir. 1983). Moreover, once a settlement is reached, it is the party challenging the settlement who bears the burden of showing that the settlement contract was invalid based on fraud or mutual mistake. *Id.* (citing *Callen v. Pennsylvania R. Co.*, 332 U.S. 625,630 (1948)).

In this matter, it is clear the parties reached agreement on all materials terms, and Plaintiff, has not to Defendant's knowledge, alleged the settlement contract is invalid based upon fraud or mutual mistake. Thus, the Settlement and Release Agreement should be enforced and Plaintiff's claims should be dismissed.

    **A.**    **The Parties Have Reached Agreement on All Material Terms**

Again, it is clear that the parties reached agreement on all material terms related to the settlement of Plaintiff's claims. It is clear because we have the benefit of a written and executed Settlement and Release Agreement, which details the material terms related to the settlement of Plaintiff's claims. **(Exhibit A – filed under seal)**. Thus, the only question is whether Plaintiff can prove the settlement contract is invalid based upon fraud or mutual mistake. She cannot do so.

    **B.**    **Plaintiff Has Not Alleged and Cannot Prove the Settlement Contract is Invalid Based Upon Fraud or Mutual Mistake**

Notably, Defendant has not been put on notice that Plaintiff intends to assert the settlement contract is invalid based upon fraud or mutual mistake. Rather, Plaintiff's counsel of

record has merely indicated that they cannot file the necessary Stipulation of Dismissal because they have terminated their representation of Plaintiff. Plaintiff has presented no evidence that the terms of settlement to which she agreed are unconscionable, or that her agreement was in any respect the product of coercion, duress, or mistake. Indeed, it is not even clear that Plaintiff is attempting to disavows the Settlement and Release Agreement. Under these circumstances, the Court should enforce the Settlement and Release Agreement and dismiss Plaintiff's claims. *Curtis v. Central Ohio Transit Authority*, No. 201–CV–863, 2003 WL 1338219 (S.D. Ohio Feb. 28, 2003) (enforcing settlement agreement and dismissing claims); *Re/Max Intern., Inc. v. Realty One, Inc.*, 271 F.3d 633 (6th Cir. 2001), *cert. denied*, 535 U.S. 987 (2002).

### III.   CONCLUSION

For the reasons stated above, Defendant requests an Order from the Court enforcing the Settlement and Release Agreement executed between the parties and dismissing the case, with prejudice.

Date:  April 11, 2013                                        Respectfully submitted,

 */s/ Mary Dohner Smith*
Mary Dohner Smith, BPR #21451
Marcia McShane Watson BPR # 20878
*Attorneys for Defendant UHS of Lakeside, LLC d/b/a Lakeside Behavioral Health System*

**CONSTANGY, BROOKS & SMITH, LLP**
401 Commerce Street, Suite 700
Nashville, TN 37219
(615) 320-5200
(615) 321-5891 (facsimile)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following counsel of record via the Court's electronic filing system on this 11th day of April, 2013.

| | |
|---|---|
| Justin Gilbert | Sergia Delgado |
| Jonathan Bobbitt | 8764 Overcup Oaks Dr. |
| 101 North Highland | Cordova, TN 38018 |
| Jackson, TN 38301 | |

*s/ Mary Dohner Smith*