IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| Sergia Delgado, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )      No. 11-3111 |
| | ) |
| UHS Lakeside, LLC d/b/a | ) |
| Lakeside Behavioral Health | ) |
| System, | |
|    Defendant. | ) |

---

**ORDER**

---

Before the Court is the April 11, 2013 Motion to Enforce
Settlement Agreement and to Dismiss filed by Defendant UHS
Lakeside, LLC d/b/a Lakeside Behavioral Health Systems
("Lakeside") and the Magistrate Judge's July 17, 2013 Report and
Recommendation. (the "Report").  (Motion, ECF No. 16); (Report,
ECF No. 27.)  Plaintiff Sergia Delgado ("Delgado") has not
objected to the Magistrate Judge's Report and the time for doing
so has passed.  See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen
days after being served with a copy [of the Magistrate Judge's
Report], any party may serve and file written objections to such
proposed findings and recommendations as provided by rules of
court.").  The Magistrate Judge recommends that the Court
enforce the settlement agreement and dismiss Delgado's Complaint
in its entirety.  For the following reasons, the Court ADOPTS

the Report of the Magistrate Judge.    Lakeside's Motion to

Enforce Settlement Agreement and to Dismiss is GRANTED.

Congress intended 28 U.S.C. § 636 to relieve the burden on

the federal judiciary by permitting the assignment of district

court duties to magistrate judges.   See United States v. Curtis,

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United

States, 490 U.S. 858, 869-70 (1989)); see also Baker v.

Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).   "A district

judge must determine de novo any part of a magistrate judge's

disposition that has been properly objected to."   Fed. R. Civ.

P. 72(b); 28 U.S.C. § 636(b)(1)(C).   "'Only those specific

objections to the magistrate's report . . . will be preserved

for [] review.'"   Carson v. Hudson, 421 F. App'x 560, 563 (6th

Cir. 2011) (quoting Souter v. Jones, 395 F.3d 577, 585 (6th Cir.

2005)); see also Smith v. Detroit Fed'n of Teachers, Local 231,

829 F.2d 1370, 1373 (6th Cir. 1987).

After reviewing the evidence, the court is free to accept,

reject, or modify the proposed findings or recommendations of

the magistrate judge.   28 U.S.C. § 636(b)(1)(C).   The district

court is not required to review—under a de novo or any other

standard—those aspects of the report and recommendation to which

no objection is made.   Thomas v. Arn, 474 U.S. 140, 150 (1985).

The district court should adopt the findings and rulings of the

magistrate judge to which no specific objection is filed.  Id.
at 151.

Delgado has not objected to the Magistrate Judge's Report.
The deadline for objecting, which was explicitly referenced in
the Report, has passed.  Because Delgado has failed to object,
Arn counsels the Court to adopt the Report in its entirety.  Id.
Adopting the Report is consistent with the policies underlying §
636, specifically judicial economy and protecting against the
"functions of the district court [being] effectively duplicated
as both the magistrate and the district court perform identical
tasks."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505,
509 (6th Cir. 1991).

The Magistrate Judge's Report is ADOPTED.  Lakeside's
Motion to Enforce Settlement Agreement and to Dismiss is
GRANTED.  Delgado's complaint is DISMISSED.

So ordered this 29th day of August, 2013.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE